RECEIVED
JUN - 7 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| COURTNEY SANDOZ | CIVIL ACTION NO.: 06-222 |
|---|---|
| VERSUS | JUDGE DOHERTY |
| CINGULAR WIRELESS, LLC | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a Motion to Remand [Doc. 9], filed on behalf of plaintiff, Courtney Sandoz, urging that this matter be remanded to the Fifteenth Judicial District Court, Lafayette Parish, Louisiana. Defendant opposes the motion. Briefing has now been completed and the motion has been taken under advisement.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2005, plaintiff, a former employee of Cingular Wireless, LLC, filed a Petition in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, for "unpaid wages and penalties under La. R.S. 23:633 and Civ.Code Art. 1986, 1994," as well as reasonable attorneys fees and costs. [Doc. 1, ¶¶ 2, 10] Defendant was served with the Petition on October 18, 2005. On January 20, 2006, plaintiff's counsel sent defendant a written offer to settle all claims for $50,937. On February 10, 2006, defendant filed a Notice of Removal, removing the matter to this Court on the basis of diversity and federal question jurisdiction. *See* 28 U.S.C. §§1331 and 1332.

Pursuant to 28 U.S.C. §1446 ("Procedure for Removal"), a defendant generally has only thirty (30) days from receipt of the initial pleading to remove a matter to federal court. Although this matter was removed more than thirty (30) days after defendant's receipt of the initial pleading,

1

defendant argues removal was timely because §1446 contains an exception for matters that are not removable as initially filed. Under the exception contained in §1446, a suit is removable "within thirty days after receipt by defendant ... of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable...." [Doc. 14, p.7 (quoting 28 U.S.C. §1446(b)) (emphasis added)] Defendant argues that receipt of plaintiff's settlement letter of January 20, 2006 (an "other paper") was its first notice that the matter was removable.[1] According to defendant, the settlement letter was the first document it received putting it on notice that plaintiff's claim for damages exceeded $75,000,[2] and was also its first notice that plaintiff was pursuing a federal cause of action. Thus, defendant argues removal was timely because it was filed less than thirty (30) days after receipt of plaintiff's settlement letter. Plaintiff has now filed a Motion to Remand, asking the Court to remand this matter to the Fifteenth Judicial District Court, arguing primarily that the Notice of Removal was untimely.

## II. LAW AND ANALYSIS

A.   **Timeliness of Removal**

Plaintiff contends this matter should be remanded to state court due to the untimeliness of defendant's Notice of Removal, which was filed outside of the thirty-day time limit established in the first paragraph of 28 U.S.C. §1446(b). She argues that this matter was removable as initially filed, and therefore, defendant cannot rely on the exception contained in the second paragraph of §1446. Section 1446(b) provides as follows:

---

[1] All parties (and this Court) agree that a post-petition settlement letter qualifies as an "other paper" under the second paragraph of §1446(b). See Addo v. Global Life and Accident Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000).

[2] Diversity of the parties is not in dispute.

2

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by §1332 of this title more than 1 year after commencement of the action.

The Fifth Circuit has held that the first paragraph of §1446(b) applies to cases which are removable as initially filed; the second paragraph applies to those cases which are not removable originally, but become removable at a later time. New York Life Ins. Co. v. Deshotel, et al, 142 F.3d 873, 886 (5th Cir. 1998). The Fifth Circuit has further held that where diversity jurisdiction is at issue, the thirty (30) day time period in the first paragraph of §1446(b) applies only when the initial pleading affirmatively reveals *on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount mandated by 28 U.S.C. §1332. Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). When a matter is removed pursuant to the second paragraph of §1446(b), the information supporting removal in an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to begin tolling the thirty (30) day time limit. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002). The requirement that grounds for removal be "unequivocally clear and certain" is intended to promote judicial economy and reduce protective removals by defendants faced with an equivocal record. Id. It is also meant to discourage removals before their factual basis can be proven by a preponderance of the evidence. Id. Finally, a court must always keep in mind removal statutes are to be construed strictly against removal and for

remand. Id.

Plaintiff argues that the present case was removable as initially filed, because defendant's maximum potential liability under the law relied upon in the Petition is a matter of simple mathematics, and all data used to calculate the potential award in the settlement letter was provided to plaintiff by defendant eighty-five (85) days before defendant filed the Notice of Removal.[3] However, as defendant correctly points out, in the Fifth Circuit, the thirty (30) day time period in which a defendant must remove a case pursuant to §1446(b) starts to run from defendant's receipt of the initial pleading *only* when that pleading affirmatively reveals *on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount required in federal courts. Chapman at 163. Defendant is under no duty to exercise due diligence in determining whether the case is, in fact, removable. Id. Defendant argues that it was not apparent that this matter was removable until receipt of plaintiff's settlement letter, and therefore, removal was timely filed within thirty (30) days of receipt of that letter.

As plaintiff's original petition did not reveal *on its face* that the matter was removable, the Court finds that the thirty (30) day time limit did not begin to toll upon defendant's receipt of the initial pleading. The Court now turns to the issue of whether or not the settlement letter revived defendant's right of removal.

B. **Diversity Jurisdiction**

Defendant bases its removal of this matter, in part, on its assertion that diversity jurisdiction exists. All parties agree that complete diversity of citizenship exists; however, whether or not the

---

[3] Plaintiff's claim for unpaid wages and penalties is calcuable to some degree of certainty because plaintiff was earning a salary and penalties are set by statute. Attorneys fees and costs, however, are not as easily quantified.

4

amount in controversy exceeds $75,000 is at issue.

Because Louisiana law prohibits a party from alleging or demanding a specific monetary amount of damages, the petition filed by plaintiff does not indicate the amount sought from defendant. Where, as here, the petition does not include a specific monetary demand, defendant must establish by a preponderance of evidence that the amount in controversy exceeds $75,000. Manguno v. Prudential Property & Casualty Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

In the instant matter, defendant argues, "Given the allegation in plaintiff's Settlement Letter that 'minimum damages' are $50,937, it follows *a fortiori* that plaintiff would expect to recover considerably more than this amount at trial." [Doc. 14, p. 3] As plaintiff's settlement letter demands merely $50,937, defendant must account for an additional $24,063 in order to meet the minimum jurisdictional amount. Furthermore, plaintiff's demand for $50,937 incorporates into that figure $20,000 for attorney fees. Thus, by defendant's logic, plaintiff will incur a minimum of $44,063 in attorney's fees to meet the jurisdictional threshold on a lost wage claim calculated with specificity in the settlement letter at $30,937. Defendant has put forth no other evidence in support of its argument that the amount in controversy exceeds $75,000. In fact, defendant's argument consists of nothing more than the conclusory statement "it follows *a fortiori* that plaintiff would expect to recover considerably more than [$50,937] at trial." Mere assertions of the resultant legal conclusions with no reference to the underlying conditions that compel those conclusions cannot alone be sufficient. No evidence of any kind has been presented to this Court showing that plaintiff may be entitled to $24,063 in addition to the amount calculated in her offer of settlement. As such, the Court holds that defendant has failed to show by a preponderance of evidence that the amount in controversy exceeds $75,000.

## C.     Federal Question Jurisdiction

Defendant argues that in addition to diversity jurisdiction, the settlement letter makes a claim for overtime wages pursuant to federal law, specifically the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*[4] Plaintiff argues that she has not asserted an FLSA overtime claim in any pleading, and that the petition only states a claim for unpaid wages and penalties pursuant to La. R.S. 23:633 and La. Civ. Code arts. 1986 and 1984. Alternatively, plaintiff argues that "any unexpressed federal claim or question which may be inferred from the fact that Cingular may owe Ms. Sandoz $83.70 in overtime pay for one week is *de minimus*, ancillary and incidental to the principle claim expressed in the Petition, which is a claim for penalties under state law for late payment of wages and commissions at the employee's regular rate." [Doc. 9, p. 8]

In response, defendant argues that "an 'other paper' beyond the actual petition or an amending petition that reveals the removability of an action on federal question grounds triggers the time period for removal under 28 U.S.C. §1446(b)." [Doc. 14, p. 17 (citing LeBoeuf v. Texaco, 9 F.Supp.2d 661, 664 (E.D. La. 1988); Williamson v. Fleetwood Homes of Mississippi, 346 F.Supp.2d 851 (N.D. Miss.2004))] Defendant cites only district court decisions in support of its position, which are not authoritative; no Fifth Circuit jurisprudence is cited. Furthermore, in the LeBouef case, plaintiffs explicitly stated in discovery responses they were pursuing a claim against defendant under the Oil Pollution Act, 33 U.S.C. §2701, *et seq*. Here, plaintiffs have yet to make a federal claim. Plaintiff's settlement letter merely states, "The supervisor finally told Ms. Sandoz that she was entering the 46 hours for the week. Apparently she failed to do that. Difference owed is 21 hours @ 9.30 and 6 hours at 13.95, total $279.00." (settlement letter p.2). As to the Williamson case, the

---

[4] See settlement letter, page 2 wherein plaintiff asserts she is entitled to six (6) hours of overtime pay for a total of $83.70.

6

Court respectfully disagrees with the conclusion of Judge Mills. In <u>Williamson</u>, the court states, "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendants opportunity to remove," (citing <u>Medina v. Ramsey Steel Co.</u>, 238 F.3d 674, 680 (5th Cir. 2001)). The Court then concludes, "Thus, if plaintiffs had chosen to proceed solely under state law, then it is plain that federal question jurisdiction would not exist in this case. However, the fact that plaintiffs specifically refused to admit [in response to a request for admissions] that they would not seek damages under the Magnuson-Moss Act leads this Court to conclude that federal question jurisdiction exists in this case." <u>Williamson</u> at 851. In this Court's opinion, it is long established under the well-pleaded complaint doctrine that "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." <u>Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.</u>, 271 F.3d 186, 188 (5th Cir. 2001) (quoting <u>Caterpillar, Inc. V. Williams</u>, 482 U.S. 386, 392 (1987)). As stated by Justice Holmes:

> The party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the ... law[s] of the United States .... That question cannot depend upon the answer, and accordingly jurisdiction cannot be conferred by the defense, even when anticipated and relied to in the bill. <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913).

Plaintiff's Complaint, *on its face*, is based upon Louisiana state law claims for unpaid wages, penalties and attorneys fees. Regardless of the fact that plaintiff included a calculation for $83.70 in her settlement letter, she may or may not ever make a claim under the Fair Labor Standards Act in a court of law. Consequently, at this point, federal question jurisdiction does not exist. If plaintiff asserts a claim based upon federal law at a later time, then federal question jurisdiction may well

exist at that point.[5]

## III. CONCLUSION

Due to defendant's failure to carry its burden of proof and show by a preponderance of the evidence that the requirements for jurisdiction under either 28 U.S.C. §§1331 or 1332 have been met, and because removal statutes are to be construed strictly against removal and for remand, plaintiff's Motion to Remand [ Doc. 9] is GRANTED.

THUS DONE AND SIGNED in Lafayette, Louisiana this 7 day of June, 2006.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[5] Defendant argues throughout its brief that this Court should order plaintiff to "affirmatively aver" that she will not seek overtime wages or penalties under the FLSA; otherwise this Court should find that federal question jurisdiction exists. [Doc. 14, p. 18 (citing Williamson, *supra*, in support)] As previously stated, this Court is of the opinion that plaintiff is the "master" of his suit and "jurisdiction cannot be conferred by the defense." Until plaintiff asserts a federal claim, federal question jurisdiction does not exist. The Court declines defendant's request, as it has cited no authority in support of its position.